UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FLOYD D. THOMAS,<br><br>Defendant. | CAUSE NO. 1:21cv61 & 1:14cr14 DRL |

<u>OPINION & ORDER</u>

Floyd D. Thomas filed a *pro se* petition to vacate his sentence under 28 U.S.C. § 2255. He says his first lawyer (Thomas O'Malley) lied about a codefendant not wanting to go to trial before Mr. Thomas changed his plea. Mr. Thomas says his second lawyer (Donald Swanson) filed a frivolous motion to withdraw his guilty plea without meeting with him. The court now denies the petition.

BACKGROUND

On February 26, 2014, the government charged Mr. Thomas and his codefendants with conspiring to possess with intent to distribute cocaine (count one), possessing a firearm in furtherance of a drug trafficking crime (count two), and crimes related to heroin distribution (counts three through six) (Cause No. 1:14cr14). On September 21, 2017, he pleaded guilty to counts one and two before Magistrate Judge Susan Collins, with Thomas O'Malley as counsel. On October 11, 2017, he moved to withdraw his guilty plea, which the court granted. His plea had not at that point been accepted.

Shortly thereafter, Mr. Thomas asked to proceed *pro se*. On December 21, 2017, Judge Theresa Springmann granted his request, with Mr. O'Malley as standby counsel. Mr. Thomas proceeded *pro se* until April 2018, at which point Mr. O'Malley resumed as counsel. The court scheduled a ten-day jury trial to begin January 14, 2019. Mr. Thomas pleaded guilty to counts one and two four days earlier before Judge Springmann. Judge Springmann accepted his guilty plea.

On April 11, 2019, Mr. Thomas asked in a letter once more to withdraw his plea and resume trial proceedings. On April 15, 2019, Mr. O'Malley moved to withdraw as his attorney, stating that the attorney-client relationship had become irreparably broken, a motion that he later withdrew. The case was reassigned to Judge Holly Brady. Judge Brady struck Mr. Thomas' letter with leave to refile the request through counsel.

On May 16, 2019, Mr. Thomas renewed his motion to withdraw his guilty plea. Mr. Thomas then sent a letter to Judge Brady five days later in which he expressed his desire to withdraw his plea. He wrote that during the prior plea hearing, he was under "false pretenses" because Mr. O'Malley had told him that his codefendant "was no longer willing to go to trial," which Mr. Thomas learned "was not true" after his plea hearing. He didn't mention this at his change of plea hearing "because [he] was not under the impression that [he] was being deceived and lied to at the time of the plea hearing into believing that [his] co-defendant no longer wanted to go to trial."

Judge Brady struck the letter and reminded Mr. Thomas to file all submissions through counsel. Mr. O'Malley moved to withdraw as counsel. The court granted Mr. O'Malley's motion to withdraw as counsel and appointed Donald Swanson as Mr. Thomas' new counsel on June 26, 2019. Around this time, Mr. Thomas again penned a letter to Judge Brady with his same arguments. One day later, the case was reassigned to Judge Springmann. In August 2019, Mr. Swanson filed a brief to support Mr. Thomas' motion to withdraw his guilty plea, arguing that Mr. Thomas didn't understand the charges brought against him.

On September 4, 2019, the case was reassigned to this presiding judge. The court denied the motion to withdraw the guilty plea, finding that Mr. Thomas understood the charges and knowingly and voluntarily pleaded guilty. The court struck Mr. Thomas's *pro se* letter given that he wrote it while represented by counsel. The court noted that the letter changed nothing about his plea.

2

On November 8, 2019, the court sentenced Mr. Thomas to consecutive imprisonment terms of 192 months on count one and 60 months on count two. During his allocution, Mr. Thomas raised the same arguments he made before, but the court again stated that it was convinced that his plea had been knowing and voluntary. Immediately after his sentencing, Mr. Thomas filed a notice of appeal. The circuit granted Mr. Swanson's withdrawal as counsel and later dismissed the appeal.

On January 22, 2021, Mr. Thomas filed this § 2255 petition claiming ineffective assistance of counsel. He says Mr. O'Malley lied to him about a codefendant not wanting to go to trial and claims that Mr. O'Malley later asked him to "sign a document disclaiming [his] allegations against attorney Thomas N. O'Malley" [ECF 607]. Mr. Thomas says he discovered this information after his plea. He argues he was coerced and merely recited what his lawyer wrote for him. Mr. Thomas further argues that Mr. Swanson filed a motion to withdraw without ever meeting with him, and that this was a frivolous motion. He says Mr. Swanson cited the wrong case in his motion.

In response, the government defends the guilty plea. The government first argues that Mr. Thomas should be required to justify why his present claim has not been procedurally defaulted. The government next argues that Mr. Thomas has not provided evidence, and rather has made only conclusory claims, to support his petition. The government says Mr. Thomas has not explained how he was coerced or offered evidence to refute the notion that his prior plea was knowing and intelligent. Finally, the government argues that Mr. Thomas has not articulated why his codefendant's decision to plead guilty prejudiced him, or how his codefendant's plea would have affected his own trial. Without a reply, Mr. Thomas' petition is now ripe for review.

## STANDARD

In extraordinary situations, the court may vacate, set aside, or correct a prisoner's sentence. 28 U.S.C. § 2255(a); *Hays v. United States*, 397 F.3d 564, 566-567 (7th Cir. 2005). The writ of habeas corpus is secured by the United States Constitution: "The Privilege of the Writ of Habeas Corpus shall not

be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const., Art. I, § 9, cl. 2. Historically, criminal defendants subject to a final conviction were entitled to habeas relief only if the court that rendered the judgment lacked jurisdiction. *Ex parte Watkins*, 28 U.S. 193, 202 (1830). The writ has since been expanded to provide prisoners relief from various violations of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2255(a); *Danforth v. Minnesota*, 552 U.S. 264, 272-73 (2008); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Such writ is not a substitute for direct appeal. *Doe v. United States*, 51 F.3d 693, 698 (7th Cir. 1995).

When reviewing a § 2255 petition, the court examines the entire record, the motion, and other files. The court should hold an evidentiary hearing when the petitioner alleges facts that, if proven, would entitle him to relief. *Torres-Chavez v. United States*, 828 F.3d 582, 586 (7th Cir. 2016); *see also* 28 U.S.C. § 2255(b). He must do this through a detailed sworn affidavit—a threshold requirement to an evidentiary hearing. *Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006). Allegations that prove merely "vague, conclusory, or palpably incredible" rather than detailed and specific aren't good enough. *Machibroda v. United States*, 368 U.S. 487, 495 (1962). Likewise, when the petition and records conclusively show that the petitioner isn't entitled to relief, the court needn't hold an evidentiary hearing. *See Boulb v. United States*, 818 F.3d 334, 339 (7th Cir. 2016). That is the case here.

DISCUSSION

Mr. Thomas argues that both Mr. O'Malley and Mr. Swanson were ineffective as counsel. The Sixth Amendment to the United States Constitution guarantees a defendant the right to counsel. That includes the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). To show a violation of this right, a defendant must show that (1) his counsel's representation "fell below an objective standard of reasonableness," and (2) "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688 & 694 (1984). "A defendant's failure to satisfy either prong is fatal to his claim." *Ebbole v. United States*, 8

4

F.3d 530, 533 (7th Cir. 1993). This same two-part test applies to "challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

The performance prong is satisfied if "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. For the prejudice prong, the "defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. Courts "presume that counsel is effective, and a defendant bears a heavy burden in making out a winning claim based on ineffective assistance of counsel." *United States v. Farr*, 297 F.3d 651, 658 (7th Cir. 2002).

A presumption of verity attaches to a defendant's statements during a guilty plea. *Hutchings v. United States*, 618 F.3d 693, 699 (7th Cir. 2010). A "defendant who knowingly and voluntarily enters a guilty plea admits not simply that he committed the acts charged in the indictment; it is an admission that he committed the crime charged against him." *Torzala v. United States*, 545 F.3d 517, 521 (7th Cir. 2008) (internal quotation marks omitted). Furthermore, a court should "not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *Lee v. United States*, 137 S.Ct. 1958, 1967 (1958).

A challenge to a guilty plea can only be brought on collateral review if it was first challenged on direct review, else the claim is procedurally defaulted. *Bousley v. United States*, 523 U.S. 614, 621 (1998). "A claim that has been procedurally defaulted ordinarily may only be raised in a § 2255 proceeding if the defendant demonstrates that he is actually innocent, or that there is cause and actual prejudice." *Torzala*, 545 F.3d at 522 (internal quotation marks omitted). The court recognizes, as the government does, that this petition's conclusory nature makes it difficult to ascertain whether Mr. Thomas is relying on information outside the appellate record. His arguments suggest he is, so the court proceeds to address the ostensible merits of this petition.

In an unsworn petition, Mr. Thomas attributes certain statements to his former counsel. Even if taken as gospel, the statements don't support a claim for ineffective assistance of counsel. As to the performance prong, Mr. Thomas has not supported his allegations to show that his counsel's representation fell below the objective standard of reasonableness, given that he has only offered unsworn, vague, and conclusory statements. *Strickland*, 466 U.S. at 688-89. His plea was voluntary, intelligent, and knowing. *See Torzala*, 545 F.3d at 522; *Galbraith v. United States*, 313 F.3d 1001, 1006 (7th Cir. 2002). The court may hold Mr. Thomas to his admissions during his plea hearing—cloaked as they are with a strong presumption of veracity. *See United States v. Weathington*, 507 F.3d 1068, 1072 (7th Cir. 2007). The court's colloquy can "ameliorate the adverse impact of his counsel's misinformation." *Hutchings*, 618 F.3d at 699 (citation omitted).

At his plea hearing, Mr. Thomas said he had ample opportunity to discuss the case with his attorney. He was satisfied with Mr. O'Malley's representation [ECF 494 at 10]. He said he understood what was happening, and that he was "accepting responsibility for what [he'd] done" [*id.* 9]. He admitted he committed the crimes in counts one and two [*id.* 26]. He disavowed that anyone had threatened or assured him in any way to change his plea or accept the plea agreement with the government [*id.* 11]. He said he was pleading guilty of his own free will, with no one forcing him or threatening him to do so [*id.* 16-17]. The factual basis for his plea was replete [*id.* 32-40]. Mr. Thomas had the opportunity to make corrections and only revised facts immaterial to his plea and this petition [*id.* 41-42]. All these statements provide evidence that his plea was both knowing and voluntary, *see Torzala*, 545 F.3d at 521, and that his contraindicating statements today, claiming his counsel made an assurance that he said at his plea no one had made, are insufficient for habeas corpus relief, *see United States v. Peterson*, 414 F.3d 825, 827 (7th Cir. 2005).

Mr. Thomas' sworn allocution during his sentencing is also telling. At that time, Mr. Thomas made similar arguments to those he now raises—namely, he made conclusory allegations of lies and

6

trickery but again without sufficient support [ECF 546 at 31]. He presented nothing of substance to show Mr. O'Malley (or Mr. Swanson for that matter) acted ineffectively. During his allocution, Mr. Thomas stated, "you know, I still accept responsibility for a lot of stuff that I have done. And, you know, I have no issue admitting anything that I need to admit up here on the stand or what not and, you know, accept responsibility" [*id.* 33]. He further stated "I'm not here to try to say that, you know, I'm innocent or anything, you know what I'm saying. I said I'm willing to take responsibility…" [*id.* at 34]. After his allocution, this presiding judge stated that he "reviewed the colloquy of [his] plea hearing, and [the court is] convinced it was a knowing and voluntary plea" [*id.* 37-38]. Nothing has changed between then and now. There is a strong presumption of truth attached to Mr. Thomas' statements made under oath, and his statements indicate his plea was knowing and voluntary.

As to the prejudice prong, Mr. Thomas hasn't substantiated that he would not have pleaded guilty or that his codefendant's actions would have influenced him. *Hill*, 474 U.S. at 59. Mr. Thomas hasn't explained how his codefendant's decision to stand trial or instead plead guilty would have influenced his own decision. Vague or conclusory statements about prejudice aren't enough. For someone who admittedly wanted to accept responsibility recognizing that he was guilty of the charges—doing so during a detailed plea colloquy and confirming his acceptance of responsibility at sentencing—his codefendant's wishes had little bearing on his decision, particularly when he denied any assurances from anyone that influenced him to plead guilty.

Mr. Thomas also hasn't established Mr. Swanson's ineffective assistance. Mr. Thomas argues that Mr. Swanson was ineffective when he filed a motion to withdraw his plea based on an inaccurate case and without ever meeting with him. Nothing shows Mr. Swanson acted unreasonably, particularly when the brief supported what Mr. Thomas wanted to do at the time—withdraw his plea. Mr. Thomas says the motion lacked vital information, but he never says what that was. In addition, without stating this vital information or the right case that would have persuaded the court in a different direction, or

7

explaining why counsel's meeting with him would have changed the strategy, Mr. Thomas leaves a finding of prejudice unattainable. No hearing is necessary based on such vague and conclusory allegations. *See Anderson v. United States*, 981 F.3d 565, 578 (7th Cir. 2020).

Under Section 2255 Habeas Corpus Rule 11, the court must also consider whether to grant or deny a certificate of appealability. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). When a petition is dismissed on the merits, the petitioner must show "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, based on unsworn vague and conclusory allegations within this petition in ready contrast to undercutting sworn statements at the plea, reasonable jurists could not debate the court's rulings.

## CONCLUSION

Petitions under 28 U.S.C. § 2255 are meant for extraordinary circumstances, when a defendant's imprisonment stems from a constitutional violation, not a last effort to avoid imprisonment or service of imprisonment for a crime. Mr. Thomas' sentence of imprisonment wasn't the result of any constitutional violation. Accordingly, the court DENIES his motion to vacate his sentence [ECF 607] and DENIES him a certificate of appealability. This order terminates the civil case (Cause No. 1:21cv61).

SO ORDERED.

September 1, 2021                                             *s/ Damon R. Leichty*
                                                              Judge, United States District Court